IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| AGNES MILLEN, *et al.*, | * |
| Plaintiffs, | * |
| vs. | * |
| | CASE NO. 3:21-CV-42 (CDL) |
| GEORGIA RENEWABLE POWER, LLC, *et al.*, | * |
| | * |
| Defendants. | |
| | * |

O R D E R

Plaintiffs filed a motion to exclude thirteen witnesses disclosed by Defendants Georgia Renewable Power, LLC and GRP Franklin, LLC ("GRP Defendants") on or shortly before the August 15, 2022 discovery deadline. Plaintiffs contend that these witnesses were not timely disclosed under the Federal Rules of Civil Procedure or the Court's Rules 16/26 Order. As discussed below, the motion to exclude (ECF No. 34) is granted in part and denied in part.

Federal Rule of Civil Procedure 26(a)(1)(A)(i) requires a party to disclose "the name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses." Rule 26(e) requires a party to supplement its initial disclosures "in a timely manner . . . if the additional or

corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). The Court issued a Rules 16/26 Order in this action, which states that when supplementation under Rule 26(e) is required, "supplemental responses shall be served upon the opposing party within fourteen days of learning of the information requiring the supplemental response, unless the Court otherwise extends the supplemental response period upon motion of a party." Rules 16/26 Order 6, ECF No. 10. Under Rule 16(b)(3), a scheduling order may modify the timing of Rule 26(e) disclosures, which means that the Rules 16/26 Order's fourteen-day rule trumps Rule 26(e)'s more general "timely" requirement. Thus, if supplementation occurs within fourteen days of learning of the supplemental information, the supplementation is timely. If a party fails to identify a witness as required by 26(e), "the party is not allowed to use that . . . witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure to identify was substantially justified or harmless. Fed. R. Civ. P. 37(c)(1).

On August 4, 2022, eleven days before the discovery deadline, the GRP Defendants supplemented their Rule 26(a)(1) initial disclosures to add the following individuals as people who may have discoverable information on the GRP Defendants' defenses: Stacy Anderson, Susan Hart, James Russell Huffman,

2

Quang Le Hung, Huong L. Nguyen, Frank Ginn, and Beth Thomas. The GRP Defendants submitted another supplement to their initial disclosures on August 15, 2022, the discovery deadline. In that supplemental disclosure, the GRP Defendants disclosed additional individuals as people who may have discoverable information on the GRP Defendants' defenses: Tonya Powers, Lauren "Bubba" McDonald, Alan Powell, Billy Morse, Harris Little, and John Phillips.

The GRP Defendants contend that the supplemental disclosure of Billy Morse, Harris Little, and John Phillips on August 15, 2022 was timely because the GRP Defendants did not learn that these individuals may have discoverable information until the morning of August 15, 2022, when they were identified during the telephone interview of another witness. Therefore, the GRP Defendants disclosed all three of these witnesses within fourteen days of learning their identities, so their disclosure was timely under the 16/26 Order. Similarly, the GRP Defendants argue that the supplemental disclosure of Alan Powell on August 15, 2022, was timely because he was not mentioned as someone with discoverable information until the deposition of the GRP Defendants' 30(b)(6) witness on August 9, 2022. The 30(b)(6) witness testified that he learned about Powell from someone else, but he did not say when. There is no indication in the present record that the GRP Defendants learned about Powell more

3

than fourteen days before his identity was disclosed to Plaintiffs, so the Court cannot conclude that the disclosure was untimely. For these reasons, the Court denies the motion to exclude Alan Powell, Billy Morse, Harris Little, and John Phillips.

Turning to the other nine witnesses that were disclosed in August 2022, the GRP Defendants do not seriously dispute that they learned the identities of these witnesses more than fourteen days before the relevant supplemental disclosure. The GRP Defendants argue, though, that these nine witnesses were "made known" to Plaintiffs during discovery, so even if their supplemental disclosure was untimely, it was not required. Again, Rule 26(e)(1)(A) requires supplemental initial disclosures "if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." The GRP Defendants argue that formal supplements should not be required if a potential witness is mentioned in a deposition or in documents produced during discovery. In support of this argument, the GRP Defendants cite one unpublished district court order where the judge concluded in a footnote that the witnesses were adequately disclosed during discovery because they were "identified by various deponents and in documents produced to plaintiffs." *Wilbourne v. Forsyth Cnty. Sch. Dist.*, No. 2:06-CV-78-WCO, 2008 WL

4


11417233, at *3 n.7 (N.D. Ga. Mar. 20, 2008). *Wilbourne* does not explain how much information about the witnesses was provided during the depositions—whether they were merely mentioned or were, in the words of the judge, "identified." Thus, even if *Wilbourne* were sufficiently persuasive, it does not support Defendants' argument.[1]

The Court understands that the 1993 advisory committee's note to Rule 26(e) states that a previously unidentified witness is "made known" if she is "*identified* during the taking of a deposition." Fed. R. Civ. P. 26(e) advisory committee's note to 1993 amendment (emphasis added). Again, Rule 26(a)(1)(A) requires disclosure of the name of each individual "that the disclosing party may use to support its claims or defenses," along with the subject matter of that person's information. So, the disclosing party must put the other side on notice that it may rely on the individual as a witness. The Court finds that a witness simply mentioning a person in a deposition does not disclose that a party may rely on that person to support its claims or defenses, so it does not demonstrate that the individual was "made known" as a potential witness under Rule 26(e). Likewise, the fact that a person's name appears in

---

[1] Defendants also rely on an unpublished report and recommendation by a federal magistrate judge, but it does not support Defendants' argument because it was clear that the disputed witnesses were all disclosed in interrogatory responses well before the close of discovery. *Nix v. McMaster Carr Supply Co.*, No. 117CV02785SCJJFK, 2018 WL 7348862, at *2 (N.D. Ga. Dec. 27, 2018).

5

documents produced in response to document requests does not demonstrate that the individual was "made known" as a potential witness. Accordingly, the Court rejects the GRP Defendants' argument that the nine witnesses were "made known" to Plaintiffs simply because they were mentioned in depositions and in documents produced during discovery.

The GRP Defendants did not establish that they first learned of nine of the potential witnesses within fourteen days of disclosing them in August 2022 (Stacy Anderson, Susan Hart, James Russell Huffman, Quang Le Hung, Huong L. Nguyen, Frank Ginn, Beth Thomas, Tonya Powers, and Lauren "Bubba" McDonald). Rather, the GRP Defendants acknowledge that they knew about these potential witnesses well before disclosing them. Furthermore, they not only waited more than fourteen days to disclose them, but they disclosed them at the discovery expiration deadline. The GRP Defendants knew about Stacy Anderson and Susan Hart by March 3, 2022, when their expert completed and served his case study regarding Anderson's property; they were aware of James Russell Huffman when he was hired to handle day-to-day operations of the plant in February or March 2022; they learned about Quang Le Hung and Huong L. Nguyen by June 2022, when a GRP employee mentioned them during a deposition; and they were aware of Frank Ginn, Beth Thomas, Tonya Powers, and Lauren "Bubba" McDonald by 2019, when GRP

6

executives communicated with them multiple times about neighbor concerns regarding the plant. Thus, these witnesses were not timely disclosed as required by Rule 26(e) and the 16/26 Order. The GRP Defendants did not establish that their failure to disclose these nine witnesses was substantially justified—they pointed to no reason why they could not have complied with the disclosure deadline. And the failure was not harmless because the disclosure was done at the very end of discovery, so Plaintiffs could not conduct any discovery regarding these nine witnesses. For these reasons, the GRP Defendants are not permitted to use the following witnesses to supply evidence on a motion, at a hearing, or at trial: Stacy Anderson, Susan Hart, James Russell Huffman, Quang Le Hung, Huong L. Nguyen, Frank Ginn, Beth Thomas, Tonya Powers, and Lauren "Bubba" McDonald.

CONCLUSION

For the reasons set forth above, Plaintiffs' motion to exclude (ECF No. 34) is granted to the extent that the GRP Defendants shall not be permitted to use the following witnesses to supply evidence on a motion, at a hearing, or at trial: Stacy Anderson, Susan Hart, James Russell Huffman, Quang Le Hung, Huong L. Nguyen, Frank Ginn, Beth Thomas, Tonya Powers, and Lauren "Bubba" McDonald. The Court declines to impose other sanctions.

7

The motion is denied to the extent that the GRP Defendants shall not be precluded from using the following witnesses to supply evidence: Alan Powell, Billy Morse, Harris Little, and John Phillips.  The parties shall confer and agree on a jointly proposed amendment to the scheduling order for the limited purpose of allowing written discovery and depositions regarding these newly disclosed witnesses.  The dispositive motion deadline remains unchanged.  The Court plans to try this action during its May 2023 Athens trial term.

IT IS SO ORDERED, this 16th day of September, 2022.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA