IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

AGNES MILLEN, *et al.*,       *

    Plaintiffs,       *

vs.       *

                           CASE NO. 3:21-CV-42 (CDL)

GEORGIA RENEWABLE POWER, LLC,  *
*et al.*,

       *

    Defendants.      *

_____*

O R D E R

The Court previously granted summary judgment in favor of Defendants on some of Plaintiffs' claims. *See* Order (June 16, 2023), ECF No. 186 ("Summ. J. Order"). Plaintiffs now seek reconsideration of several rulings. Plaintiffs also filed a motion for certification of an interlocutory appeal. For the reasons set forth below, the Court denies both the motion for reconsideration (ECF No. 190) and the motion for certification of interlocutory appeal (ECF No. 191).

DISCUSSION

I.  **Plaintiffs' Motion for Reconsideration (ECF No. 190)**

Local Rule 7.6 provides that motions for reconsideration shall not be filed as a matter of routine practice. M.D. Ga. R. 7.6. Generally, such motions will only be granted if the movant demonstrates that (1) there was an intervening development or change in controlling law, (2) new evidence has been discovered,

or (3) the court made a clear error of law or fact. *Rhodes v. MacDonald*, 670 F. Supp. 2d 1363, 1378 (M.D. Ga. 2009).

First, Plaintiffs want "clarification" of what type of nuisance claims remain for trial: permanent or abatable. The Court ruled that Plaintiffs in nine actions presented evidence to create a fact question on whether they suffered a permanent nuisance—a continuing, unabatable nuisance. Summ. J. Order 2-3, 15. That is because there is evidence that the noise nuisance and/or a vibration nuisance continued at some Plaintiffs' property after September 2021, despite Defendants' abatement efforts. *Id.* at 22-23, 27-28. The rest of the Plaintiffs, though, did not present evidence that they suffered an actionable nuisance that continued after Defendants installed a silencer at the Franklin Plant in September 2021. *Id.* at 23-26. Since the summary judgment record did not permit a finding that the noise nuisance continued for these Plaintiffs after September 2021, any noise nuisance experienced by those Plaintiffs was abatable, not permanent. *Id.*; *id.* at 32-33 Plaintiffs appear to argue that since it is undisputed that Defendants did not eliminate *all* noise coming from the Franklin Plant, they may still pursue permanent nuisance claims. But Defendants are not required to eliminate *all* noise—they are only required to eliminate noise above a level that creates an actionable nuisance. *Id.* at 21-22.

Second, the Plaintiffs with only abatable nuisance claims argue that they should be permitted to present evidence of lost rental value at trial even though they did not previously disclose such evidence. Plaintiffs will not be allowed to pursue a damages theory if they have not previously disclosed evidence to support that theory. To the extent that Plaintiffs seek to reopen discovery to permit them to pursue a new lost rental value damages theory, that motion is denied.

Third, Plaintiffs argue that the Court erroneously relied on Georgia Court of Appeals opinions establishing that a facility operating within its zoning restrictions is only a nuisance if its operations are conducted in an illegal manner. *Id.* at 18-20 (citing, *e.g.*, *Kempton v. S. Flavor Real Est., L.P*, 866 S.E.2d 862 (Ga. Ct. App. 2021)).[1] Relatedly, they contend that the Court erred when it concluded that the "improper residential placement rule" did not apply. The Court based that conclusion on its review of the zoning maps, the undisputed fact that the Franklin Plant site had been zoned commercial industrial for years, and the undisputed fact that most of the property within a one-mile radius of the Franklin Plant was zoned agricultural or agricultural intensive. Summ. J. Order at

---

[1] The Court considered the non-binding authority Plaintiffs cited in their summary judgment briefs to oppose applying *Kempton* and similar cases. The Court found that non-binding authority to be distinguishable because those cases involved extensive allegations of *unlawful* discharges into state waters.

20-21.  The Court is not convinced that it made a clear error of law or fact on any of these issues.

Fourth, Plaintiffs argue that the Court erred in finding that some Plaintiffs cannot establish that they suffered a noise nuisance after September 2021 because they did not present expert evidence to rebut Defendants' evidence that the sound levels at the Franklin Plant's fence line were reduced to below 70 dBAs.  Plaintiffs contend that to show that an actionable nuisance continued after Defendants installed mitigation measures, all they need to do is point to affidavits that the noise still bothered them sometimes after September 2021.  But those affidavits do not establish that the noise continued in an *illegal manner* after September 2021, and neither do the sample recordings Plaintiffs submitted (without context from which the Court could tell how loud or unreasonable the noises were).  And, as the Court previously observed, Plaintiffs did not point to evidence of the actual or expected sound at locations other than those the expert measured.  The Court is not persuaded that it made a clear error of law or fact on these issues.

Fifth, Plaintiffs contend that the Court erred in concluding that the Plaintiffs other than the "Continuing Nuisance" Plaintiffs did not point to enough evidence to establish a fact dispute on their punitive damages and

attorney's fees claims.  The Court is not convinced that it made clear errors of law or fact on this issue.

Sixth, Plaintiffs argue that the Court erred in granting summary judgment as to the Bellamys' claim, pointing out that the Bellamys heard new noises starting in June 2021.  Plaintiffs pointed to that evidence in their summary judgment response, and the Court considered it but found that it did not create a genuine fact dispute on whether the noises amounted to a nuisance in terms of their decibel level and frequency.  The Court thus declines to reconsider its ruling on the Bellamys' claims.

Seventh, Plaintiffs contend that the Court should not have granted summary judgment against Millen, whose property was a vacant tract of land that she had not visited in years.  Plaintiffs do not seem to dispute that Millen is not entitled to discomfort and annoyance damages, but they appear to suggest that she should be allowed to recover "injury to property" damages like diminution in value or lost rental value.  But Millen did not previously disclose lost rental value evidence, and she did not point to evidence to create a genuine fact dispute that she experienced a permanent nuisance supporting a claim for diminution in value.  The Court declines to reconsider its ruling on Millen's claims.

In summary, Plaintiffs' motion for reconsideration (ECF No. 190) is denied.

## II. Plaintiffs' Motion for Certification of Interlocutory Appeal (ECF No. 191)

In addition to their motion for reconsideration, Plaintiffs contend that the Court should certify its summary judgment order for immediate appeal under 28 U.S.C. § 1292(b). In support of their motion, Plaintiffs point to some of the same issues they raised in their motion for reconsideration. Certification under § 1292(b) is only appropriate when a district judge is "of the opinion" that the order "involves a controlling question of law as to which there is substantial ground for difference of opinion" and "an immediate appeal from the order may materially advance the ultimate termination of the litigation." *Id.* The Court does not find that the extraordinary remedy of certification for interlocutory appeal is warranted here. The motion (ECF No. 191) is denied.

CONCLUSION

As discussed above, the Court denies Plaintiffs' motion for reconsideration (ECF No. 190) and Plaintiffs' motion for certification of interlocutory appeal (ECF No. 191).

IT IS SO ORDERED, this 17th day of July, 2023.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA