IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| JAMES MORRIS SWEATMAN, *et al.*, | * | |
| Plaintiffs, | * | CASE NOS.   3:21-CV-42 (CDL) |
| | | 3:21-CV-44 (CDL) |
| vs. | * | 3:21-CV-49 (CDL) |
| | | 3:21-CV-57 (CDL) |
| GEORGIA RENEWABLE POWER, LLC, *et al.*, | * | 3:21-CV-61 (CDL) |
| | * | |
| Defendants. | | |
| | * | |

O R D E R

The Court previously granted Defendants' summary judgment motions on the continuing noise nuisance and related negligence claims asserted by several Plaintiffs, including Brandon Ayers (3:21-cv-49), the Pearcys (3:21-cv-57), and the Jinkses (3:21-cv-61). Order 2 (June 16, 2023), ECF No. 186 in 3:21-cv-42.[1] The basis for the Court's ruling was that Defendants presented evidence that their mitigation efforts successfully abated any nuisance to the extent that sound levels at the fence line of the Franklin Plant were reduced to below 70 A-weighted decibels in September 2021, and these Plaintiffs did not present any evidence that the sound emanating from the Franklin Plant "was observed at an

---

[1] This ruling also applied to the Elrods (3:21-cv-47), Sheila Baker (3:21-cv-48), Mark and Mayra Blalock (3:21-cv-50), Mike Blalock (3:21-cv-51), Linda Abbs (3:21-cv-52), the Smiths (3:21-cv-54), the Schiffers (3:21-cv-56), the McCalls (3:21-cv-59), the Higginses (3:21-cv-60), the Harts (3:21-cv-62), the Harrises (3:21-cv-63), and the Langstons (3:21-cv-65).

unreasonable level on their property or that a reliable model predicted an unreasonable noise level based on actual measurements taken at different properties." *Id.* at 24-25. Accordingly, the summary judgment record suggested that Defendants abated any nuisance for these Plaintiffs. But the Court did not hold that the nuisance was permanently abated as a matter of law. Rather, the Court held that Defendants were entitled to summary judgment on these Plaintiffs' continuing nuisance/negligence claims because Plaintiffs did not present enough evidence to create a fact dispute that a noise nuisance continued for them after September 2021. To the extent that order could be construed to find as a matter of law that the nuisance was permanently abated, that portion of the order is VACATED.

After the Court issued the summary judgment order, Plaintiffs' expert conducted additional sound measurements. Based on those measurements, he opines that the mitigation measures did not result in abatement of the alleged nuisance. Rather, he opines based on his measurements and modeling that the Franklin Plant still routinely emits unreasonable noises that exceed 70 dBAs on Plaintiffs' properties. Plaintiffs contend that this evidence demonstrates that the mitigation measures did not successfully abate the nuisance and that the Franklin Plant is a permanent nuisance. For these reasons and for the reasons stated at the pretrial conference on April 11, 2024, the Court VACATES the

portion of its summary judgment concluding that these Plaintiffs may only pursue noise nuisance/negligence claims based on noise emissions from the Franklin Plant that occurred prior to September 2021. The Court will permit these Plaintiffs to pursue their claims that the Franklin Plant amounts to a permanent nuisance that cannot be abated. Based on this ruling, these Plaintiffs will be permitted to seek damages for a permanent nuisance, including diminution in property value. The jury will decide whether the emissions constitute a permanent nuisance. If the jury finds that the Franklin Plant is an abatable nuisance and *not* a permanent nuisance, these Plaintiffs will not be entitled to recover diminution in value. Nor will they be allowed to recover the rental value of their property for the duration of any nuisance because they did not disclose such evidence during discovery.

IT IS SO ORDERED, this 12th day of April, 2024.

s/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA