```
              IN THE UNITED STATES DISTRICT COURT
               FOR THE MIDDLE DISTRICT OF GEORGIA
                         ATHENS DIVISION

AGNES MILLEN,                       *

      Plaintiff,                    *

vs.                                 *
                                          CASE NO. 3:21-CV-42 (CDL)
GEORGIA RENEWABLE POWER, LLC,       *
et al.,
                                    *
      Defendants.
                                    *
```

O R D E R

Presently pending before the Court are two motions.  The first one seeks reconsideration of the Court's April 12, 2024 order.  That order partially vacated the summary judgment as to claims of certain Plaintiffs based on new sound testing that was conducted by Plaintiffs' expert in February and March 2024.  Defendants criticize the methodology of Plaintiffs' expert and argue that the new evidence does not create a genuine fact dispute on whether there was a continuing, unabated nuisance at some of the Plaintiffs' properties.  After Defendants filed the motion for reconsideration, the cases that were set for trial in May 2024 settled, the Court consolidated the remaining eleven cases for trial in November 2024, and the Court entered a scheduling order that permits additional sound measurements, expert disclosures, and expert depositions for the remaining eleven cases.  Given this posture, the motion for reconsideration (ECF No. 223 in 3:21-cv-

42) is denied. The jury will decide in November 2024 whether the evidence establishes a continuing, unabated nuisance at each Plaintiff's property.

Also pending before the Court is a motion filed by Agnes Millen's lawyers for relief from and for reconsideration of the Court's summary judgment order. As the Court reviewed the pending motion and related docket filings, the Court recalled that the parties represented in their summary judgment briefing that Millen died after she filed this action. When the Court issued the summary judgment order nearly a year ago, the Court was under the impression that the executors of Millen's estate were pursuing this action in Millen's stead, and the Court's summary judgment order assumed that a substitution of parties had already happened. Based on the Court's present review of the docket, the Court could not locate a formal statement noting Millen's death or a motion for anyone to be substituted as a party for Millen. The record thus does not establish that someone with the legal authority to step into Millen's position in this case wishes to do so.

Under these circumstances, the proper course at summary judgment would have been to stay proceedings as to Millen's claims, set a deadline for the proper person to file a motion for substitution, and reach the merits of the summary judgment motion as to Millen only if such a motion for substitution was filed and granted. For these reasons, the Court vacates the summary judgment

2

order as to the claims of Agnes Millen. Any person who wishes to be substituted for Millen in this action and has the legal authority to do so shall file a motion for substitution by June 21, 2024. If no motion for substitution is filed by that date, then Millen's claims will be dismissed. The present motion for reconsideration filed by Millen's attorneys (ECF No. 225) is terminated.

    IT IS SO ORDERED, this 23rd day of May, 2024.

                                    s/Clay D. Land
                                    CLAY D. LAND
                                    U.S. DISTRICT COURT JUDGE
                                    MIDDLE DISTRICT OF GEORGIA